IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERENCE TIRRELL THOMPSON, #54033                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:08-cv-293-HTW-LRA

MARK B. SHEPERD, et al.                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On May 16, 2008, an order [4] was entered directing the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, within thirty days. The Plaintiff failed to comply with this order.  The Plaintiff was warned that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On July 11, 2008, an order [6] was entered directing Plaintiff to show cause on or before July 28, 2008, why this case should not be dismissed for his failure to comply with the Court's May 16, 2008 order.  In addition, Plaintiff was directed to comply with the order by paying the required $350.00 filing fee or filing a completed *in forma pauperis* application, on or before July 28, 2008.  The Plaintiff  was warned in this Court's order of July 11, 2008, that failure to timely comply with the requirements of the order may lead to the dismissal of his case, without further notice.  The Plaintiff failed to comply with this order.

On August 18, 2008, a second order [7] was entered directing Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders of May 16, 2008 and July 11, 2008. Plaintiff was directed to file his response on or before September 2,

2008.  In addition, Plaintiff was directed to comply with the Court's original order by paying the required $350.00 filing fee or filing a completed *in forma pauperis* application, on or before September 2, 2008.  The Plaintiff  was warned in this Court's order of August 18, 2008, that failure to timely comply with the requirements of the order would result in the dismissal of his case, without further notice.

Plaintiff has failed to comply with three Court orders.   It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be

dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion

and Order will be entered.

SO ORDERED, this the 24th day of September, 2008.

s/ HENRY T.WINGATE
CHIEF UNITED STATES DISTRICT JUDGE